**BROWNE–VINTNERS CO., Inc., et al.**

**v.**

**NATIONAL DISTILLERS PRODUCTS CORP.**

United States District Court
S. D. New York.
Oct. 26, 1953.

Beekman Aitken, C. P. Goepel, New York City, of counsel, for plaintiffs.

Morris Kixmiller & Baar, Washington, D. C., Breed, Abbott & Morgan, New York City, for defendant.

WEINFELD, District Judge.

In this action for trade mark infringement, the defendant moves for leave to interpose a counterclaim based upon "evidence discovered after the filing of its answer." The substance of the proposed counterclaim is that defendant's supplier, and not the plaintiffs, has the exclusive use of the trade marks which are the subject of the litigation. The defendant's supplier is not before the Court and has not joined in the motion.

Although the motion is based upon a claim of the alleged discovery of evidence after the service of defendant's answer, no facts have been set forth to support the proposed counterclaim. The moving affidavit consists of conclusory statements by an attorney for the defendant, said to be based on depositions of various witnesses. There has been much backing and filling as to who is to supply those portions of the depositions allegedly supporting the conclusions. The duty to furnish the information rested upon the moving party, particularly in the light of the challenge as to the existence, or the accuracy, of the information upon which the conclusions are bottomed.

A number of contentions now advanced by the defendant appear to have been the subject of a decree entered by Judge Woolsey in 1935 [1] in favor of one of the plaintiffs. That decree makes it appear questionable that the defendant recently acquired knowledge of the facts as it now asserts. Furthermore, the decree may be conclusive upon the defendant's supplier. Defendant acknowledges that one Godefroy H. v. Mumm, a shareholder and apparently a principal of its supplier, was Vice President of the defendant in the former litigation, although it contends he was only a nominal officer. The broad sweep of the injunction granted by Judge Woolsey appears to encompass all officers and agents of the defendant in that litigation; but it is unnecessary to determine the issue here. In any event, in the absence of evidence to support the present motion, it is denied in the exercise of discretion. It is true that as a general rule leave to amend shall be given freely, but this does not dispense with the necessity of showing that justice so requires.

The denial, however, is without prejudice to an application by the defendant's supplier to move to intervene upon a proper showing under Rule 24 of the Federal Rules of Civil Procedure, 28 U. S.C.A.

Settle order on notice.

1. Societe Vinicole De Champagne v. Mumm Champagne & Importation Co., D.C., 13 F.Supp. 575. See also Societe Vinicole De Champagne v. Mumm Champagne & Importation Co., D.C., 10 F. Supp. 289; Societe Vinicole De Champagne v. Mumm, 2 Cir., 143 F.2d 240.